

60 east 42nd street  suite 1750
new york, new york 10165
t 212.297.0700  f 212.297.0730
info@riemerlawfirm.com  www.riemerlawfirm.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 19 SEP 2011

September 13, 2011

**BY HAND**

Hon. Paul A. Crotty
United States District Court
500 Pearl Street, Room 20C
New York, NY 10007-1312

*[Handwritten note: 9/19/11 — There is no need for a conference or any further worry. The Court has in this truly minor matter, Cobb's deposition testimony (selected portions only) may be designated as confidential. So ordered. Paul Crotty USDJ]*

RECEIVED SEP 13 2011 CHAMBERS OF HONORABLE PAUL A. CROTTY U.S.D.J.

Re:  Ahmad v. Hartford Life and Accident Insurance Company
     10 CV 4545 (PAC)(MHD)

Dear Judge Crotty:

We are counsel to plaintiff in the above-referenced action. We write to request a pre-motion conference concerning a dispute between the parties regarding the Stipulated Protective Order Regarding Confidentiality of Discovery Material ("Protective Order") dated December 30, 2010. Specifically, the parties dispute whether portions of Johanna Cobb's ("Cobb") deposition transcript (Ex. A) should be designated as confidential pursuant to the Protective Order.

The parties have attempted to resolve the dispute in good faith by exchanging correspondences and discussing the issue in-depth during teleconferences, including a teleconference on September 8, 2011. Despite these efforts, the parties have been unable to resolve the dispute and seek the intervention of the Court.

1. The Protective Order

By way of background, the Protective Order provides narrow categories of documents (and information contained therein) deemed to be confidential pursuant to *Section 2: Designation of Discovery Materials as Confidential*. Section 2(a) further provides that "the burden of proving confidentiality of designated information remains with the party asserting such confidentiality."

2. The Parties' Positions

By letter dated August 16, 2011, Hartford requested to designate pages (page:line) 14:16-16:4 and 17:22-35:20 of Cobb's deposition transcript as confidential. In doing so, Hartford asserted that "[t]he testimony relates to confidential personnel reviews and also information regarding how Hartford's Special Investigation Unit is organized." Hartford further asserted that "[p]ublic disclosure of this information can be harmful to Hartford's obligations to maintain confidentiality of its employees' information and to its on-going fraud investigations."

Hartford has not satisfied the burden of proving confidentiality of Cobb's testimony as

MEMO ENDORSED

instructed in *Section 2(a)*.  Contrary to Hartford's assertion, Cobb's testimony was not based on any confidential documents.  Cobb provided testimony regarding the non-confidential personnel reviews that Hartford produced in *Jacoby v. Hartford Life & Acc. Ins. Co.*, No. 07 Civ. 4627 (LAK)(RLE). Although Cobb's personnel reviews were gratuitously stamped "confidential," these documents are not confidential and are not subject to any confidentiality agreement or a protective order.  Because these documents have been readily available in the public domain for over two years, and widely distributed on the internet, Hartford's assertion that the "disclosure of this information can be harmful" is without merit.

In fact, none of Cobb's testimony relied on confidential documents as all of the exhibits marked during her deposition were not confidential.  Furthermore, the information within the pages Hartford requested to designate as confidential do not fall under the narrow categories of documents (and information therein) deemed to be confidential pursuant to *Section 2* of the Protective Order.

Respectfully yours,

Scott M. Riemer

cc:   Michael Bernstein, Esq.