ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400

www.sedgwicklaw.com   212.422.0202 phone   212.422.0925 fax

# Sedgwick LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **14 DEC 2011**

Michael H. Bernstein
(212) 898-4011
michael.bernstein@sedgwicklaw.com

December 13, 2011

*Via Facsimile ((212) 805-6304)*
Hon. Paul A. Crotty, U.S.D.J.
United States District Court Judge
United States District Court For The Southern
District of New York
500 Pearl Street, Courtroom 20-C
New York, New York 10007

Re: *Iftikhar Ahmad v. Hartford Life and Accident Insurance Company*
    Civ. Act. No.:    10 cv 4545(PAC)(MHD)
    File No.: 02489-000081

*[Handwritten endorsement: 12/14/2011 — "There is no need for a pre-motion conference. The Court will consider the motion made; it is denied. So ordered. Paul Crotty USDJ"]*

Dear Judge Crotty:

This office represents the defendant, Hartford Life And Accident Insurance Company ("Hartford"), in the above-referenced matter. We write pursuant to your Individual Practice Rules to request leave to file a motion to strike portions of Plaintiff's Reply on his motion for summary judgment because certain issues discussed in those papers were not raised under until the Reply and also because Plaintiff attached several documents not identified in his initial rule 26 disclosures.

This action involves Plaintiff, Iftikhar Ahmad's ("Ahmad") claim for continuing long-term disability ("LTD") benefits under the Group Long Term Disability Insurance Plan For Employees Of American International Group, Inc. (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). As Hartford was vested with full discretionary authority, this Court may only overturn or modify Hartford's decision if it finds that it was arbitrary and capricious. *See Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2347-48 (2008); *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009).

Ahmad's Reply papers on his motion for summary judgment attach and reference inadmissible extra-record evidence which should be stricken by the Court. Specifically, Ahmad argues that based on Hartford's Policy and Procedural Manual for its Special Investigation Unit dated March 27, 2006 that Hartford encouraged its Medical Case Manager ("MCM") to make decisions that directly resulted in the termination of his benefits. Plaintiff's counsel apparently obtained this manual, which is unauthenticated, in the unrelated action of *Jacoby v. Hartford Life and Accident Insurance Company*, 07 CV 4627. Ahmad submits no proof that the manual was in use at the time Hartford decided Ahmad's claim for LTD benefits, and this document was never identified by Ahmad in his initial disclosures as one he intended to rely upon or during the course of discovery, which closed pursuant to this Court's order on August 5, 2011. Notably, on November 22, 2011, after filing his Reply papers discussed above, Ahmad served an "Amended" Rule 26 Disclosure that identifies this and several other documents not previously identified by Ahmad.

*[Vertical stamp right margin: MEMO ENDORSED]*

NY/755976v1

Hon. Paul A. Crotty, U.S.D.J.
Re: Iftikhar Ahmad v. Hartford Life and Accident Insurance Company
    Civ. Act. No.:    10 cv 4545(PAC)(MHD)
December 13, 2011
Page 2

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, each party must produce or describe in its initial disclosures all documents "the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Rule 26(a)(1)(A), FED. R. CIV. P. The rules also create an obligation to supplement initial disclosures "in a timely manner." Rule 26(e), FED. R. CIV. P. Ultimately, if a party fails to disclose the required information or to amend a prior disclosure, they may not be permitted to use it as evidence on a motion, unless such failure is harmless. *Schiller v. City of New York*, No. 04 Civ. 7922, 2007 WL 735010, at *2-3 (E.D.N.Y. Mar. 12, 2007). Here, this manual should have been identified in Ahmad's initial disclosures so that Hartford would have had notice of Ahmad's intent to rely upon it in this action. Instead, Ahmad failed to identify this document during discovery, did not request any related documents or information in his discovery requests or interrogatories, and did not even mention it during any of his three party depositions. Rather, Ahmad waited until several months after the close of discovery to improperly serve his amended disclosure and therein identified this manual, amongst other newly identified documents and witnesses, only after briefing on the parties' competing dispositive motions was completed, which served to prejudice Hartford. Where the failure to disclose information is prejudicial to the other party, reliance upon the information in a motion or at trial is prohibited. *See* Fed. R. Civ. P. 37(c)(1); *Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, No. 01 CIV. 1047, 2002 WL 31108380, at *3-4 (S.D.N.Y. Sept. 23, 2002). Accordingly, Ahmad should not be allowed to rely upon this manual in his summary judgment papers, and the document as well as Ahmad's references to it should be stricken.

In this regard, it is important to note that Ahmad's counsel had possession of this document before Ahmad commenced this action, but still did not identify or disclose it until after he filed his Reply Memorandum of Law in Further Support of his Motion for Summary Judgment on November 22, 2011 (Doc. No. 49). Ahmad's attempt to "sandbag" Hartford is manifest because he did not submit this improper extra-record document or reference it in support of his own dispositive motion, but instead waited until the very last opportunity to identify it and related arguments in his Reply Memorandum, thereby completely and wrongfully preventing Hartford from having an opportunity to respond in any way to his baseless allegations.

The law is abundantly clear that raising new arguments and/or materials in the context of a reply is improper, and that such matters must be stricken. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("new arguments may not be made in a reply brief"); *Wolters Kluwer Financial Services Inc. v. Scivantage*, No. 07 CV 2352, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply."); *Aurora Loan Services, Inc. v. Posner, Posner & Assoc, P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007) ("Defendants argument in opposition was simply that plaintiff had not met its burden in moving summary judgment. To allow plaintiff to then submit new materials to meet its burden would inappropriately allow plaintiff a second bite at the summary judgment apple."); *United States v. Kim*, 313 F.Supp.2d 295, 299 n.2 (S.D.N.Y. 2004) ("As an initial matter, this submission is procedurally improper because it raises new arguments in reply."); *Judge v. New York City Transit Authority*, No. 99 Civ. 0927, 1999 WL 1267462, *3 (S.D.N.Y. 1999) ("It is well established that reply briefs are not the appropriate place to raise new arguments."); *Irish Lesbian and Gay Organization v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) ("Reply papers are not the proper place for new arguments or requests for relief.").

Hartford disagrees with the arguments made by Ahmad in his Reply concerning this manual but since summary judgment briefing was closed when Ahmad first referenced it, Hartford has been left with no opportunity to respond. Accordingly, Hartford respectfully requests that, pursuant to Rules 37 and 56, FED.

Hon. Paul A. Crotty, U.S.D.J.
Re: Iftikhar Ahmad v. Hartford Life and Accident Insurance Company
    Civ. Act. No.:    10 cv 4545(PAC)(MHD)
December 13, 2011
Page 3

R. Civ. P., Ahmad's Reply Memorandum be stricken to the extent it relies upon the belatedly identified document and related issues, or that Hartford be granted a Sur-Reply to address these points.

    Thank you for your consideration of this matter.

Very truly yours,

*[signature]*

Michael H. Bernstein
Sedgwick LLP

MHB/dmm

cc: Scott M. Riemer, Esq.



60 east 42nd street suite 1750
new york, new york 10165
t 212 297 0700 f 212 297 0730
info@riemerlawfirm.com www.riemerlawfirm.com

December 13, 2011

Judge Paul A. Crotty
United States District Court
500 Pearl Street
Room 20C
New York, NY 10007-1312

>   Re: Ahmad v. Hartford Life & Accident Insurance Company
>   10 CV 4545 (PAC)((MHD)

Dear Judge Crotty:

We write in opposition to Hartford's request to make a motion to strike or alternatively to file a sur-reply.

Hartford's main objection concerns plaintiff's use of Hartford's Policy and Procedural Manual for its Special Investigations Unit in his reply brief. Hartford asserts that it was sandbagged because the Manual was not listed in Ahmad's Rule 26 disclosure until he amended it on November 22, 2011.

Hartford's request should be denied. The Manual was used only in rebuttal to an affidavit of one of Hartford's employees, Johanna Cobb, that itself was not available to Ahmad until it was submitted in opposition to his motion for summary judgment. Indeed, plaintiff could not anticipate the need to submit the Manual in this litigation because it could not be anticipated that Hartford (and Ms. Cobb) would take a position as to the meaning of the term "Functionality Present" that was directly contrary to how that term is specifically defined in Hartford's own Manual.

In its opposition, Hartford takes the untenable position that the term "Functionality Present is only a measurement of the number of times that an MCM had the ability to determine a claimant's functionality, and is not a measurement of the number of times that an MCM actually determines that a claimant's level of functioning exceeds the definition of disability under the Policy. (Hartford Opp., p. 23; Cobb Dec ¶5)

In order to expose a blatant misrepresentation to the Court, Ahmad attached a copy of Hartford's Manual to his reply papers, because it defined "Functionality Present" as "Selected if the MCM documents a functionality level that illustrates a functional capacity that is equal to the current job requirements of the claimants own occupation or would require an Employability Analysis Review (EAR) to determine if the claimant can return to any occupation as defined in

the policy." (Ex. 11, p. HAR01406) Thus, the term Functionality Present clearly identified the number of times a specified "level" of Functionality was found, not when the MCM had the "ability" to find it. (See Reply Br., pp. 8-10)

This misrepresentation was important because it was used by Hartford in an attempt to conceal the fact that it actively encourages its MCMs to find that a claimant has Functionality Present, which provides the basis for a termination of benefits.

There was no sandbagging here. Hartford cannot claim that it is sandbagged by presentment of its own Procedure Manual. Certainly, when Hartford took a position that was blatantly contrary to that Manual it had to know that it was doing so, and, therefore, had foreknowledge of the Manual. What Hartford objects to is being caught in its misrepresentation to the Court.

Hartford's reference to other documents listed in plaintiff's amended Rule 26 disclosure are a red herring. All are documents generated during the course of this litigation, such as deposition transcripts and documents produced by Hartford.

If you have any questions, please do not hesitate to give me a call.

Respectfully yours,

Scott M. Riemer

cc: Michael H Bernstein, Esq.